Grayson *et al. v.* Schlamm *et al.*

Filed Nov. 20, 1890.

---

No. 14,602.

## Grayson et al. *v.* Schlamm et al.

EJECTMENT.—*Ancestor's Possession.*—*Evidence.*—In an action in ejectment against one claiming under a tax deed, the plaintiffs sought to show possession in their ancestor of the land in dispute. There was evidence that at one time a log cabin was upon the land, but it was moved or destroyed more than thirty years before the commencement of the suit. The evidence tended to show that the ancestor, a bachelor, at one time surveyed the land, but he never resided upon it. There was some evidence that he at one time sold the land, but the evidence is conflicting as to whether the purchaser ever occupied it.
*Held*, that possession in the ancestor was not satisfactorily proven.

From the Clark Circuit Court.

*J. H. Stotsenburg, E. B. Stotsenburg* and *S. S. Johnson,* for appellants.

*J. K. Marsh,* for appellees.

COFFEY, J.—This was an action in ejectment, by the appellants, against the appellees. The complaint consists of three paragraphs. The first paragraph is the usual form employed in such actions. The second paragraph, in addition to alleging that the appellants are the owners in fee, and

entitled to the possession of the land therein described, alleges that the appellees have cut and removed timber therefrom, of the value of $5,000, and seeks to recover the value of said timber.

The third paragraph, in addition to the allegations contained in the other two, alleges that the appellees are threatening to cut and remove the timber from said land, and seeks to enjoin them from so doing.

The cause was put at issue by the general denial, a trial was had before the court without the intervention of a jury, and a special finding of facts, with conclusions of law thereon, entered.

It appears by the special finding of facts that on the 22d day of September, 1838, Henry Harrod and wife conveyed the land in dispute to Thomas Welby. On the 18th day of July, 1839, Thomas Welby and wife conveyed to John H. Wolford. John H. Wolford died intestate, unmarried, in 1859 or 1860, leaving neither widow, children, nor father nor mother; he left Isaac Wolford, his brother, as his only heir at law. Isaac Wolford died intestate, leaving, as his only heirs at law, his widow and three children, viz.: James Wolford, John Wolford, and Mary E. Grayson. The widow of Isaac Wolford died intestate, before the commencement of this suit, leaving her daughter Mary as her only heir at law. Mary Grayson also died before the commencement of this suit, leaving as her only heirs at law the appellants herein, Robert Grayson, her husband, and four children, viz.: Amanda, Robert, Jr., Julia A., and Samuel O. Grayson. On the 12th day of May, 1884, John Wolford conveyed all his interest in the land to the four children of Mary Grayson, above named.

The appellees claiming title under Frederick H. C. Honneus, who held a tax deed for the land in dispute, executed by the auditor of Clark county on May 23d, 1864, have cut and removed timber from the land of the value of one thou-

sand dollars; the reasonable value of the rents of the land while occupied by the appellees is one hundred dollars.

Neither Henry Harrod, Thomas Welby nor James H. Wolford, under whom the appellants claim, was ever in the actual possession of the land in dispute.

Upon this finding of facts the court stated as a conclusion of law that the appellants were not entitled to recover.

The appellants filed a motion for a new trial, assigning as reasons therefor that the above finding was not sustained by the evidence, and that it was contrary to law. The motion was overruled, and a judgment entered in favor of the appellees for costs.

The only question discussed by counsel relates to the action of the court in overruling the motion for a new trial.

The question in dispute between the appellants and the appellees is as to whether Henry Harrod, Thomas Welby or John H. Wolford was ever in the actual possession of the land now in controversy. It is not claimed by the appellants that they have a chain of title from the government to John H. Wolford, through whom they claim by descent, but their contention is that they have proven by uncontradicted testimony that Wolford had actual possession of the land.

The land in dispute seems to have been largely wild, uncultivated land, not actually occupied. There is some evidence tending to show that at one time there was a log cabin upon the land, but such cabin was either removed or destroyed more than thirty years before the commencement of this suit.

The evidence tends to show that John H. Wolford at one time surveyed the land, but he was a bachelor, without family, and never resided upon the land. There is some evidence tending to show that he at one time sold the land to one Mooney, but the evidence is conflicting as to whether Mooney ever occupied the land. Wolford died in the State of Kentucky, but the exact date of his death is left in much doubt.

Taking all the evidence together, without setting it out in full, we are unable to say that the court erred in arriving at the conclusion that none of the parties through whom the appellants claim had actual possession of the land sought to be recovered in this action. As the appellants were required to recover on the strength of their own title, of course the burden was on them to show a chain of title from the Government to John H. Wolford, or to show that John H. Wolford, or those through whom he made his title, had been in the actual possession of the land. Considering the uncertainty, contradictory and confused state of the evidence in the cause, the court may have properly reached the conclusion that the appellants had not satisfactorily proven possession in their ancestor.

We can not disturb the finding on the evidence.

Judgment affirmed.

